Robert K. Steinberg, Esq.
The Law Offices of Robert K. Steinberg
12304 Santa Monica Boulevard
Third Floor
Los Angeles, California 90025-2558
Tel: (310) 447-1811
Fax: (310) 447-1815

Attorney for Plaintiff Griffin Broadband Communications, Inc. and Total TV of Fort Irwin, LLC

FILED
DEC 26 2006
U.S. COURT OF FEDERAL CLAIMS

06-898 C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GRIFFIN BROADBAND COMMUNICATIONS, INC.; TOTAL TV OF FORT IRWIN, LLC,

Plaintiffs,

vs.

THE UNITED STATES,

Defendant.

CASE NO.:

COMPLAINT

Plaintiffs allege:

## PARTIES

1. Plaintiff Griffin Broadband Communications, Inc. is a Delaware corporation organized and existing under and by virtue of the laws of the state of Delaware. Plaintiff Total TV of Fort Irwin, LLC is a limited liability company organized and existing under and by virtue of the laws of the state of Washington. Both Griffin Broadband, Inc. and Total TV of Fort Irwin, LLC are sometimes hereinafter collectively referred to as "Plaintiff." Beginning in or about November 1991 Total TV of Fort Irwin, Inc. had a long term agreement with defendant The United States, Department of the Army, to provide cable television and related services to the servicemen and women located in or near the Fort Irwin Army Base at Fort Irwin, California. Plaintiff Griffin Broadband Communications, Inc. acquired Total TV of Fort Irwin, Inc. in or about 2002. Plaintiff Total TV of Fort Irwin, LLC was established in 2002 by Plaintiff Griffin Broadband Communications, Inc. to carry on the cable television and related services to the servicemen and women at the Fort Irwin Army Base started by Total TV of California, Inc.

## JURISDICTION

2. This a claim to recover damages or other monetary compensation owed to Plaintiff by defendant The United States (sometimes hereinafter "defendant" or "defendant The United States). This claim is to recover damages for the taking by defendant The United States of Plaintiff's private property for public use without just compensation and this claim arises under the Fifth Amendment to the Constitution of the United States of America and is more fully set forth below. Jurisdiction of this action is conferred on this court by 28 U.S.C. section 1491.

## PRELIMINARY ALLEGATIONS

3. Defendant The United States, Department of the Army, Fort Irwin, California and Total TV of Fort Irwin, Inc. (now Total TV of Fort Irwin, LLC) entered into a franchise agreement or contract effective November 25, 1991 whereby Total TV was to provide a cable television system to the Army base or installation at Fort Irwin, California. The term of the franchise agreement was ten years from the effective date of the franchise agreement. Total TV has faithfully provided a cable television system pursuant to the franchise agreement. Plaintiff

Griffin Broadband Communications, Inc. entered into a renewal of the franchise agreement or contract with defendant The United States, Department of the Army, and the Army command at Fort Irwin, California for another ten years in early 2002. Products and/or services were delivered on behalf of Plaintiff Griffin Broadband Communications, Inc. to the Army via Plaintiff Total TV of Ft. Irwin, LLC, a company wholly owned by Plaintiff Griffin Broadband Communications, Inc. Effective October 1, 2003, defendant The United States, Department of the Army issued another recurring document to Plaintiff which included certain wage guidelines issued by the U.S. Department of Labor allegedly applicable to Plaintiff at Fort Irwin, California.

4. In or about December 2005, defendant The United States, through the Department of the Army at the Fort Irwin Army Base in Fort Irwin, California, after an earlier hearing at the Fort Irwin Army Base, requested that Plaintiff cease operations and have all its equipment and property removed from the Fort Irwin Army Base by in or about June 2006.

**FIRST COUNT**

**(Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)**

5. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set forth at length.

6. Defendant The United States, Department of the Army has improperly imposed service contract labor standards upon Plaintiff since October 1, 2003. The Service Contract Act (sometimes hereinafter "SCA") does not apply to Plaintiff. 41 U.S.C. section 356 (4) provides that service contract labor standards do not apply to any contract for the furnishing of services by radio, telephone, telegraph or cable companies subject to the Communications Act of 1934 [47 U.S.C. section 151 et seq.] This exemption is also supported by 29 C.F.R. 4.119. Consequently, the imposition of wage, labor and/or other related standards pursuant to a October 1, 2003 document was and is in violation of federal law.

7. Severe damage has been caused to Plaintiff resulting from the illegal imposition of the Service Contract Act (SCA). Defendant The United States should be required to compensate Plaintiff for the funds which Plaintiff spent in complying with this improper requirement.

Plaintiff's damages for just the increased salaries are $122,024.78. There are also associated damages for loss of training monies expended by Plaintiff making the combined damage total $253,064.78 plus interest at the legal rate as allowable by law, which includes the damages for the improper increase in salaries. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

**SECOND COUNT**

**(Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)**

8. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set forth at length.

9. Article III, Section 2 (Non-Exclusivity) [page 5], of the Original Franchise Agreement effective November 15, 1991, provides that if additional franchises or other similar rights are granted to others, they shall not be granted on terms more favorable than those to Plaintiff. Defendant The United States, Department of the Army's allowance of satellite television to operate without any franchise agreement and/or without the imposition of the terms and conditions that are imposed upon Plaintiff constitutes a significant, unwarranted and unfair granting of an unrestricted franchise to those operators to operate without any requirements being placed upon them. This situation creates an immense and unacceptable disadvantage to Plaintiff and causes significant damages to Plaintiff. Those advantages granted to other companies, include but are not limited to: (1) the satellite companies do not have to construct, furnish, equip, staff and operate an office on the base; (2) the satellite companies do not have to provide, staff and maintain a system on the base for addressing service calls; (3) the satellite companies do not have to pay the operating costs to maintain an office on base such as utilities, materials, vehicles, supplies and insurance; (4) the satellite companies do no have to pay a Franchise Fee to the Army to operate on the base; and, (5) this disparity of treatment is unacceptable and significantly violates the terms and conditions of the Original Franchise Agreement.

10. Defendant The United States, Department of the Army's conduct has resulted a taking Plaintiff's property in the form of revenue lost and substantial damages to Plaintiff. Plaintiff has ascertained that damage in the form of lost revenue alone is at least as follows: 31 months at $75,000.00 per month loss of revenue = $2,325,000.00, and 6 months at $115,000.00 per month loss of revenue = $690,000.00; both of these sums total $3,010,000.00; plus ongoing loss of revenue and other damages and interest at the legal rate as allowable by law

11. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

**THIRD COUNT**

**(Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)**

12. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set forth at length.

13. Beginning in or about 2001 damage has continually occurred to Plaintiff in the form of lost revenues resulting from defendant The United States, Department of the Army's continued allowance of widespread, unchecked theft of cable services by Army personnel and their families as well as the physical damage to Plaintiff's property resulting from vandalization and the theft of cable equipment and/or parts by Army personnel and/or others associated with the Army.

14. Defendant's conduct has resulted in a taking of Plaintiff's property and substantial damages to Plaintiff in the amount of $3,616,300.00 plus ongoing damages and interest at the legal rate as allowable by law.

15. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

///

///

///

## FOURTH COUNT

## (Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)

16. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set forth at length.

17. Beginning in or about February 2004, Defendant The United States, Department of the Army has caused damage to continually occur to Plaintiff in the form of lost revenues and other physical damages resulting from defendant The United States, Department of the Army, depriving Plaintiff of emergency power that is normally used to prevent severe damage to its electric and electronic systems. This discrepancy has caused damage to Plaintiff's physical plant and property, and the ability to service its subscribers, leading directly to a severe erosion of its subscriber base which has caused financial losses to Plaintiff. Defendant must compensate Plaintiff for the financial losses Plaintiff has suffered due to the Army's actions and/or inactions.

18. Defendant's conduct has resulted in a taking of Plaintiff's property and damages to Plaintiff in the amount of $34,278.00 plus interest at the legal rate as allowable by law.

19. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

## FIFTH COUNT

## (Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)

20. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set forth at length.

21. Defendant The United States, Department of the Army's initiation of their Residential Communities Initiative (RCI) project and their failure to provide funding to Plaintiff and guidance to Plaintiff have had an adverse impact on Plaintiff's business at Ft. Irwin. The RCI project has a large negative cost impact to Plaintiff in several areas. First, 330 existing dwelling units have to be demolished and Plaintiff's existing infrastructure within those units will be

removed or lost, causing the financial loss of that infrastructure investment that is Plaintiff's physical property. Second, Plaintiff's participation in the project will also require the active participation of a number of personnel it does not currently have on staff in order for that project to be accomplished in the time allowed. Plaintiff will have to hire and train personnel (the added cost is additional damage), and Plaintiff would also be required to outlay expenditures for materials that is far beyond the system normal consumption rate. Third, Plaintiff had been asked to apply new plant infrastructure to a large subdivision that is far beyond the current Primary Service Area (PSA). Therefore, additional capital expenditures will be required in a number of areas and the Army will be required to pay Plaintiff for those costs in those areas. Those areas include: (a) for engineering and planning; (b) for expansion into the new housing development areas; and, ©) for plant and package expansion costs for the Army's mandated expansion of offerings.

22. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

**SIXTH COUNT**

**(Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)**

23. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set forth at length.

24. Defendant The United States, Department of the Army, has caused damages to Plaintiff as a result of the lack of proper support for the launch of the internet portion of Plaintiff's business. Defendant must enter into methods to insure minimum service levels for Plaintiff's internet services, which have been severely damaged by the defendant's allowance of unfair competition in this area. Defendant must compensate Plaintiff for the losses Plaintiff has suffered due to defendant's failure to prevent this up to the present.

25. Defendant's conduct has resulted in a taking of Plaintiff's property and damages to Plaintiff in excess of $2,000,000.00 plus interest at the legal rate as allowable by law.

26. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

**SEVENTH COUNT**

**(Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)**

27. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set forth at length.

28. The terms of the Original Franchise Agreement provide that costs will be paid by defendant The United States, Department of the Army, for any new construction by Plaintiff (Original Franchise Agreement DAKF04-91-H-001, Article 5, Section 3, Extension of Service, page 17). Plaintiff has been damaged by being denied subscriber revenues due to the defendant's refusal to fund the installation of services defendant asked from Plaintiff. Plaintiff must be compensated for lost revenues and/or costs and expenses incurred from this as a result of the defendant's delays. Defendant The United States, Department of the Army, should compensate Plaintiff for the installations into the new residential development including but not limited to: 5th and Porkchop; Cracker Jack Flats; and for plant installation to the new Fire Station for which Plaintiff has already delivered the necessary charges.

29. Defendant's conduct has resulted in a taking of Plaintiff's property and damages to Plaintiff in excess of $2,000,000.00 plus ongoing damages and interest at the legal rate as allowable by law.

30. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

**EIGHTH COUNT**

**(Taking Of Private Property For Public Use Under The Fifth Amendment to the Constitution of the United States)**

31. Plaintiff incorporates herein by reference paragraphs 1, 2, 3 and 4, above, as though set

forth at length.

32. Plaintiff must be compensated for numerous instances of extensive damage done to Plaintiff's physical plant in or about 2004 to the present by defendant The United States, Department of the Army, personnel and its contractors who have been digging up and breaking Plaintiff's service lines.

33. Defendant's conduct has resulted in a taking of Plaintiff's property and damages to Plaintiff in excess of $19,500.00 plus interest at the legal rate as allowable by law.

34. Defendant's actions constitute a taking by defendant The United States of Plaintiff's private property for public use without just compensation pursuant to the Fifth Amendment to the Constitution of the United States of America, and Plaintiff should be compensated accordingly.

Wherefore, Plaintiff respectfully prays for judgment against defendant as follows:

First Count

1. For damages of $253,064.78 plus interest at the legal rate as allowable by law;

Second Count

2. For damages in excess of $3,010,000.00 plus interest at the legal rate as allowable by law;

Third Count

3. For damages in excess of $3,616,300.00 plus interest at the legal rate as allowable by law;

Fourth Count

4. For damages of $34,278.00 plus interest at the legal rate as allowable by law;

Fifth Count

5. For damages according to proof;

Sixth Count

6. For damages in excess of $2,000,000.00 plus interest at the legal rate as allowable by law;

///

Seventh Count

7. For damages in excess of $2,000,000.00 plus interest at the legal rate as allowable by law;

Eighth Count

8. For damages in excess of $19,500.00 plus interest at the legal rate as allowable by law;

On All Counts

9. For attorneys' fees as allowed by law or contract and according to proof; and,

10. For such other and further relief as the court may deem just and proper.

Dated: Nov. 25, 2006

LAW OFFICES OF ROBERT K. STEINBERG

Robert K. Steinberg, Esq.
Attorney for Plaintiffs
12304 Santa Monica Boulevard
Third Floor
Los Angeles, California 90025-2558
(310) 447-1811
Fax: (310) 447-1815