No. 06-898C
(Judge Christine O.C. Miller)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GRIFFIN BROADBAND COMMUNICATIONS, INC.;
TOTAL TV OF FORT IRWIN, LLC.

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Respondent

April 12, 2007

## TABLE OF CONTENTS


STATEMENT OF THE ISSUE . . . . . 1

STATEMENT OF THE CASE . . . . . 1

ARGUMENT . . . . . 4

I. Standard of Review . . . . . 4

II. The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted . . . . . 4

A. Griffin Posseessed No Property Right In Having Its Contract Performed . . . . . 6

B. The Complaint Fails To Satisfy The Public Use Requuirement . . . . . 8

C. Plaintiff Cannot Maintain Any Claim of "Taking" Under The Fifth Amendment Because It Alleges That The Government's Imposition Of The Service Contract Wage Standards Was Unlawful . . . . . 11

CONCLUSION . . . . . 12

## TABLE OF AUTHORITIES

## CASES

Alaska Airlines, Inc. v. Johnson, 8 F.3d 791 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Baggett Transp. Co. v. United States, 969 F.2d 1028 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . 6

Branch v. United States, 69 F.3d 1571 (Fed. cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Castle v. United States, 301 F.3d 1328 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Castle v. United States, 48 Fed. Cl. 187 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Chang v. United States, 859 F.2d 893 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Coast Fed. Bank, FSB v. United States, 309 F.3d 1353 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . 9

Concrete Pipe & Prods. of Cal., Inc. v. Construction Laborers Pension Trust for So. Cal., 508 U.S. 602 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conley v. Gibson, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Connolly v. Pension Ben. Guar. Corp., 475 U.S. 211 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cooke v. United States, 91 U.S. 389 (1875) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

DSI Corp. United States, 655 F.2d 1072 (Ct. Cl. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Finks v. United States, 184 Ct. Cl. 480 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Florida Rock Industries, Inc. v. United States, 791 F2d 893 (Fed. Cir. 1986) . . . . . . . . . . . . . . 11

Golder v. United States, 15 Cl. Ct. 513 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Henke v. United States, 60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Home Savs. of Am., F.S.B. v. United States, 51 Fed. Cl. 487 (2002). . . . . . . . . . . . . . . . . 6, 7, 8, 9

J&E Salvage Co. v. United States, 36 Fed. Cl. 192 (1996). . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 10

J.J. Henry Co. v. United States, 411 F.2d 1246 (Ct. Cl. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Janicki Logging Co. v. United States, 36 Fed. Cl. 338 (1996) . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949) . . . . . . . . . . . . . . . . . . . . 6

Lynch v. United States, 292 U.S. 571 (1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

M&J Coal Co. v. United States, 47 F.3d 1148 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Montego Bay Imports, Ltd. v. United States, 10 Cl. Ct. 806 (1986) . . . . . . . . . . . . . . . . . . . . 5, 12

Noel v. United States, 16 Cl. Ct. 166 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Omnia Comm'l Co. v. United States, 261 U.S. 502 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Scan-Tech Security, L.P. v. United States, 46 Fed. Cl. 326 (2000) . . . . . . . . . . . . . . . . . . . . 9, 10

Southern Cal. Fin. Corp. v. United States, 634 F.2d 521 (1980) . . . . . . . . . . . . . . . . . . . . . . . . 11

Sun Oil Co. v. United States, 572 F.2d 786 (Cl. Ct. 1978) . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9, 10

Torres v. United States, 15 Cl.Ct. 212 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Transpace Carriers, Inc. v. United States, 27 Fed. Cl. 269 (1992) . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Winstar Corp., 518 U.S. 839 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Vansant v. United States, 75 Ct. Cl. 562 (1932) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

41 U.S.C. § 351 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

41 U.S.C. §§ 601-613 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRIFFIN BROADBAND COMMUNICATIONS, INC.; TOTAL TV OF FORT IRWIN, LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-898C<br>(Judge Christine O.C. Miller) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of this Court's rules ("RCFC"), defendant, the United States, respectfully requests that this Court dismiss the Complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted.

**STATEMENT OF THE ISSUE**

Whether plaintiff, Griffin Broadband Communications ("Griffin"), has failed to state a claim for a taking of property upon which relief may be granted.

**STATEMENT OF THE CASE**

On November 25, 1991 Griffin and the United States Army entered into a franchise agreement under the terms of which Griffin, and its wholly-owned subsidiary, Total TV of Fort Irwin, agreed to provide cable television and related services to the Fort Irwin Army Base in Fort Irwin, California. Complaint ("Compl.") at ¶¶ 1, 3. The franchise agreement was renewed for another 10 years in early 2002. Compl. ¶ 3. Effective October 1, 2003, the Army issued another service agreement which included labor and wage standards set out in the Service Contract Act of 1965 41 U.S.C. 351, et. seq. ("SCA"), and which applied to Griffin as a matter of Federal law. Compl. 3. The service agreement was a contract for services and according to its terms and

conditions, is governed by the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613. The relationship between the parties was governed by the Franchise Agreement and subsequent recurring service contracts. Compl. ¶ 3.

Griffin alleges that it was illegal for the Army to impose SCA wage standards on it because it is purportedly not subject to the SCA. Compl. ¶ 6. Griffin further alleges that the SCA standards illegally imposed on it resulted in increased salary costs and other "associated damages;" that this constituted a taking under the Fifth Amendment for which it now seeks to recover "damages or other monetary compensation owed." Compl. at ¶¶ 5-7.

Griffin also alleges that the Army "significantly violates the terms and conditions of the Original Franchise Agreement," identified by the plaintiff as, "Article III, Section 2 (Non-Exclusivity)[page 5]...effective November 15, 1991." Compl. at ¶ 9. Further, that the "Army's allowance of satellite television to operate without any franchise agreement..." created an unfair advantage favoring unspecified satellite television providers that, unlike plaintiff, "do not have to construct, furnish, equip, staff and operate an office on base." Id. Griffin posits this purported breach of the contract as "a taking [of] Plaintiff's property in the form of revenue lost and substantial damages" totaling $3,010,000.00, plus ongoing loss of revenue and interest..." Compl. at ¶ 10.

In Count Three of the complaint, Griffin further alleges that a taking arose from the Army's purported allowance of "theft of cable of services," and that it should recover its consequent "lost revenues." Compl ¶ 13.

Griffin's Fourth Count alleges a taking as a result of the Army's failure to provide plaintiff, beginning in 2004, with "emergency power that is normally used to prevent severe

damage to [plaintiff's] electric and electronic systems." Compl. ¶ 17. Griffin alleges that it was less able to provide reliable cable service or retain customers. Id.

Griffin's Fifth Count alleges that the Army's decision to raze old housing and build new military housing, constituted an unconstitutional taking because it purportedly resulted in "additional capital expenditures will be required in a number of areas and the Army will be required to pay Plaintiff for those costs in those areas." Compl. at ¶ 21.

In Count VI of the complaint, Griffin alleges that the Army failed properly to support Griffin's efforts to launch the internet portion of its business. Compl. ¶ 24. Griffin posits this as an unconstitutional taking that has caused it to lose market share as a result of the "unfair competition" that has resulted from the Army's purported lack of support to Griffin. Id.

In Count VII, Griffin alleges that the Army purportedly breached the Original Franchise Agreement by failing to pay for the installation of services to newly-constructed buildings, thereby depriving Griffin of potential subscriber revenues. Compl. at ¶ 28. Griffin claims that this constitutes an unconstitutional taking of its property and requests damages.

Plaintiff's Eighth Count alleges damages purportedly caused by the "digging up and breaking [of] Plaintiff's service lines" by the Army and others at plaintiff's physical plant on Fort Irwin, CA, starting in 2004. Griffin claims that this constitutes an unconstitutional taking of its property and requests an award of damages. Compl. at ¶ 32-33.

The Government requests that this Court dismiss all counts of the Complaint on the ground that they all fail to state a takings claim upon which relief may be granted.

## ARGUMENT

### I. Standard of Review

A complaint should be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion to dismiss should be granted if the plaintiff is unable to assert a set of facts supporting the claim. Chang v. United States, 859 F.2d 893, 894 (Fed. Cir. 1988). In deciding a motion to dismiss pursuant to RCFC 12(b)(6), the Court assumes "all factual allegations to be true and . . . draw[s] all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

### II. The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted

The complaint should be dismissed because it fails to state a claim for a taking upon which the Court may grant Griffin relief.

Griffin alleges that the property allegedly taken is a variety of lost profits from purportedly missed opportunities to provide cable television services, and additional wage costs resulting from the "illegal" imposition of SCA wage standards on it by the Army. Compl. ¶¶ 6, 9, 13-15, 17, 21, 24, 28, and 32. Griffin is entitled to no relief because a taking cannot occur where, as here, the United States is acting in its proprietary rather than sovereign capacity. E.g., J&E Salvage Co., 36 Fed. Cl. at 195. Additionally, takings can only result from Government actions that are authorized by Congress. Montego Bay Imports, Ltd. v. United States, 10 Cl. Ct. 806, 809-10 (1986). Thus, to the extent that Griffin claims that the Army acted illegally, it fails to state a valid takings claim. Id.

Not every deprivation of use or control constitutes a taking. J&E Salvage, 36 Fed. Cl. at 195 (citing Sun Oil Co. v. United States, 572 F.2d 786, 818 (Cl. Ct. 1978)). The Takings Clause of the Fifth Amendment to the Constitution states that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; see Branch v. United States, 69 F.3d 1571, 1578 (Fed. Cir. 1995), cert. denied, 519 U.S. 810 (1996) (citing Connolly v. Pension Ben. Guar. Corp., 475 U.S. 211, 223 (1986), and Concrete Pipe & Prods. of Cal., Inc. v. Construction Laborers Pension Trust for So. Cal., 508 U.S. 602, 641 (1993)). In determining whether Government action constitutes a taking, courts use a "two-tiered" analysis to determine: (1) whether a plaintiff actually possessed the property right it claimed was taken; and (2) whether, assuming the plaintiff possessed the property right, the Government's actions constituted a compensable taking of that right. M&J Coal Co. v. United States, 47 F.3d 1148, 1154 (Fed. Cir.), cert. denied, 516 U.S. 808 (1995).

Here, although Griffin has alleged a property interest in its franchise agreement and profit expectations, the complaint rests indispensably upon allegations that the Army violated the agreement to protect and insure that Griffin realized all amounts of profits that it anticipated when it entered into the franchise agreement with the Army. See Compl. ¶¶ 6, 9, 13-15, 17, 21, 24, 28, and 32. Further, Griffin has failed to allege that the Postal Service took its property "for public use." U.S. Const. amend. V. Because Griffin has not alleged facts that would satisfy either tier of the analysis, it cannot carry its "heavy burden" to demonstrate that a taking occurred. See Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 493 (1987).

**A. Griffin Possessed No Property Right In Having Its Contract Performed**

The concept of a taking has limited application where rights have been voluntarily created by contract. Baggett Transp. Co. v. United States, 969 F.2d 1028, 1034 (Fed. Cir. 1992)(quoting Sun Oil, 572 F.2d at 818; J.J. Henry Co. v. United States, 411 F.2d 1246, 1249 (Ct. Cl. 1969); Home Savs. of Am., F.S.B. v. United States, 51 Fed. Cl. 487, 494 (2002).

The parties to a contract possess a right to performance or to the payment of whatever damages are due under the law of contracts in the event of non-performance. See United States v. Winstar Corp., 518 U.S. 839, 868-71, 907-10 (1996) (contracting party is entitled to either performance or damages for non-performance); id. at 919 (Scalia, J., concurring) ("Virtually every contract operates, not as a guarantee of particular future conduct, but as an assumption of liability in the event of nonperformance. The duty to keep a contract at common law means a prediction that you must pay damages if you do not keep it, --and nothing else.") (emphasis in original) (citations omitted). As long as the contracting party receives one of those two possibilities, its rights under a contract have been fully satisfied and there can be no taking. See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 703 n.27 (1949) (recognizing that, where there is a contract remedy, party cannot pursue a takings claim in the Court of Claims).

Here, even if Griffin had a property right to continue to provide cable television services to Fort Irwin, the Government has not deprived Griffin of its right to seek damages for the Government's alleged breach. Because the Government has not deprived Griffin of its right to damages for the Government's alleged failure to perform, Griffin’s contractual rights have not been taken. Castle v. United States, 301 F.3d 1328, 1342 (Fed. Cir. 2002) ("We agree with the

Court of Federal Claims that the plaintiffs retained the full range of remedies associated with any contractual right they possessed."); Castle v. United States, 48 Fed. Cl. 187, 218 (2000) ("a litigant to whom a contract remedy is available has not been deprived of the rights conferred on him by contract"), aff'd, 301 F.3d 1328 (Fed. Cir. 2002); id., 48 Fed. Cl. at 219 ("the Takings Clause would [only] be implicated in the present case if the government had taken away the range of remedies associated with the vindication of a contract").

This case is, therefore, distinguishable from Lynch v. United States, 292 U.S. 571, 579 (1935), in which takings liability was held to be possible in the contract context. In Lynch, Congress had eliminated altogether a forum for advancing a breach of contract claim. See Home Savings, 51 Fed. Cl. at 495 ("The lack of a remedy [in Lynch] was not a result, as it might be the case here, of a failure of proof, but because legislation had closed the door to proof altogether.”). Here, Griffin's takings claim fails because it alleges, in essence, no more than that the Army terminated the franchise agreement, thereby “taking” its opportunity to provide cable services to Fort Irwin. Compl. ¶¶ 6, 9, 13-15, 17, 21, 24, 28, and 32. No act of Congress has taken Griffin's contractual remedies away. Here, as in Home Savings and other Winstar-related cases, Griffin “retain[ed] the right to try to establish [its] contract damages." Home Savings, 51 Fed. Cl. at 495; see also Janicki Logging Co., Inc. v. United States, 36 Fed. Cl. 338, 346 (1996) ("Plaintiff has not stated a claim for a Fifth Amendment taking of this property because plaintiff has not alleged that the Forest Service ever engaged in legislative or administrative actions that abrogated or repudiated any contract obligation or otherwise impaired plaintiff's ability to enforce the rights plaintiff secured under the terms of the contract"), aff'd 124 F.3d 226 (Fed. Cir. 1997) (table). Accordingly, because the complaint, at bottom, rests upon the Army's

termination of the contract because Fort Irwin was to be closed, and Griffin has not alleged that the Government has taken Griffin's right to seek damages for these alleged violations, Griffin has failed to satisfy the first prong of the two-tiered analysis of takings claim.

**B. The Complaint Fails To Satisfy The Public Use Requirement**

Even if the Complaint adequately alleged a property interest for Fifth Amendment purposes, it fails to state a claim that the Government's alleged actions constituted a compensable taking of that interest. Griffin fails to allege that the Army was acting in anything other than in its proprietary capacity. Accordingly, the complaint does not satisfy the public use requirement of a Fifth Amendment takings claim.

The scope of the "public use" requirement of the Taking Clause is "coterminous with the scope of a sovereign's police powers." Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 240 (1984); accord Ruckelshaus, 467 U.S. at 1014. The Government "takes" property only when it "exercises its rights as sovereign to acquire property from the rightful owner for the public good." DSI Corp. v. United States, 655 F.2d 1072, 1074 (Ct. Cl. 1981). Thus, as this Court has explained, "the government is only liable for a taking if it uses its power to appropriate a contract for public use -- i.e., if it steps into the shoes of one of the contracting parties." Home Savings, 51 Fed. Cl. at 494-95 (citing Omnia Commercial Co. v. United States, 261 U.S. 502, 510 (1923)).

Here, Griffin does not allege that the Government was acting in a regulatory capacity, or that it intended to take any alleged trade secrets for the public good. Compl. ¶¶ 1-834; see Home Savings, 51 Fed. Cl. at 495 (no allegation of public use); J&E Salvage, 36 Fed. Cl. at 195 ("In the case at bar, plaintiffs do not allege or argue that the Government intended to take the

transmissions for the public good.") (citing J.J. Henry, 411 F.2d at 1249). In Ruckelshaus, for example, the Supreme Court considered whether any taking of trade secrets occurred by operation of the data-disclosure and data-consideration provisions of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136 et seq. See 467 U.S. at 1014. In Ruckelshaus, "the public purpose behind the data-consideration provision [was] clear from the legislative history." Id. at 1015.

Here, Griffin alleges no public purpose for the Army's alleged takings. Thus, "it is clear that what was missing in cases such as Sun Oil, Castle, and Coast Fed. Bank, FSB v. United States, 48 Fed. Cl. 402, 443 (2000), rev'd upon other grounds, 309 F.3d 1353 (Fed. Cir. 2002) is the same thing that is missing here -- an authorized exercise of the government's power of eminent domain." Home Savings, 51 Fed. Cl. at 494-95.

Indeed, Griffin's complaint contains numerous allegations that the Army was acting in a proprietary capacity to obtain, via a franchise agreement, "cable television and related services to the servicemen and women located in or near the Fort Irwin Army Base at Fort Irwin, California." Compl. ¶ 1. Griffin's takings claims are not materially different from those rejected by this Court in Scan-Tech Security, L.P. v. United States, 46 Fed. Cl. 326 (2000), in which Scan-Tech alleged that the Government's acceptance of a prototype for an airline luggage detection system, without payment, constituted a taking in violation of the Fifth Amendment. 46 Fed. Cl. at 342. The Court held that "[i]f the express writings of the parties encompass the parties' right to possession, then Scan-Tech's takings claim should be dismissed, for the Government in negotiating with Scan-Tech, acted in a proprietary capacity, not its sovereign

capacity." Id. (citing Sun Oil, 572 F.2d at 818; Transpace Carriers, Inc. v. United States, 27 Fed. Cl. 269, 274 (1992)).

As this Court observed in J&E Salvage,

> When the Government "comes down from its position of sovereignty, and enters the domain of commerce, its submits itself to the same laws that govern individuals there."

36 Fed. Cl. at 195 (quoting Sun Oil Co., 572 F.2d at 818 (quoting Cooke v. United States, 91 U.S. 389, 398 (1875))). A takings claim, therefore, cannot be based upon the Government's actions taken in its proprietary capacity. J&E Salvage, 36 Fed. Cl. at 195 (citing Alaska Airlines, Inc. v. Johnson, 8 F.3d 791, 798 (Fed. Cir. 1993)). For this reason, this Court held in Scan-Tech that "the contract, not the Fifth Amendment, would offer Scan-Tech its redress for any Governmental interference with Scan-Tech's property rights in the prototype." 46 Fed. Cl. at 342 (citations omitted).

Because the Army has acted in its proprietary capacity in this case, it has subjected itself to the same type of laws that govern individuals in the domain of commerce, including the Contract Disputes Act. Indeed, the franchise agreement between Griffin and the Army, specifically states that it is governed by the Contract Disputes Act. Griffin's takings claim is therefore not based upon the Government's actions taken in its sovereign capacity, and accordingly, Griffin cannot meet the "public use" requirement of the Takings Clause. See J&E Salvage, 36 Fed. Cl. at 195.

As in Janicki Logging, Griffin's complaint raises not a constitutional issue, but rather "a garden variety contract dispute." See 36 Fed. Cl. at 346. The complaint should be dismissed pursuant to RCFC 12(b)(6).

C. Plaintiff Cannot Maintain Any Claim Of "Taking" Under The Fifth Amendment Because It Alleges That The Government's Imposition Of The Service Contract Act Wage Standards Was Unlawful

As noted above, not every deprivation of use, possession, or control is a "taking" under the fifth amendment. Finks v. United States, 184 Ct. Cl. 480, 489, cert. denied, 393 U.S. 960 (1968). For a valid takings claim to exist, the actions of the Government upon which a taking claim is premised must be authorized, either expressly or by necessary implication by some valid enactment of Congress. Noel v. United States, 16 Cl. Ct. 166, 170 (1989) (quoting Vansant v. United States, 75 Ct. Cl. 562, 566 (1932)); Southern California Financial Corp. v. United States, 225 Ct. Cl. 104, 108, 634 F.2d 521, 523 (1980), cert. denied, 451 U.S. 937 (1981).

As a result, any "taking" claim must be based upon a lawful seizure of property by the Government. Florida Rock Industries, Inc. v. United States, 791 F.2d 893, 898-99 (Fed. Cir. 1986), cert. denied, 479 U.S. 1053 (1987). If the property "taken" was seized unlawfully, the individual does not have a valid claim of "taking" under the fifth amendment because such a seizure would have been without authority. Id.; Golder v. United States, 15 Cl. Ct. 513, 518 (1988).

In this action, Griffin claims that the Army illegally imposed the SCA wage standards on it despite Griffin's position that the SCA did not apply to it. Compl. ¶ 6. Griffin claims that it was illegally required to pay higher salaries and that it incurred training expenses that it should not have had to pay, and that this constituted a taking of its property. Compl. ¶ 7.

Because Griffin claims that the costs it incurred to meet the SCA standards were "illegally imposed" by the Government, Griffin has no cause of action for a "taking" under the Fifth Amendment. Torres v. United States, 15 Cl. Ct. 212, 215-16 (1988) (this Court has no

jurisdiction over taking claim if plaintiff asserts that acts of Government leading to alleged taking were unlawful or unauthorized); Montego Bay Imports, Ltd. v. United States, 10 Cl. Ct. 806, 809-10 (1986)(same).

As a result, Griffin's taking claim with respect to the increased costs incurred under the SCA in the present action cannot be upheld. Griffin contends that the Government imposed SCA wage and labor standards on it in violation of law. App. 51. If the facts that Griffin alleges are true, it has no basis for pursuing a taking claim against the Government. Accordingly, Griffin's claim for a "taking" under the fifth amendment must be denied.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the Complaint and grant defendant such other and further relief as may be just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

OF COUNSEL:

MAJOR IAN R. IVERSON
U.S. Army Litigation Division
U.S. Army Legal Services Agency
901 N. Stuart Street
Arlington, Virginia 22203

/s Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 616-0341
Fax (202) 514-8624

April 12, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 12th day of April, 2007, the foregoing "DEFENDANT'S MOTION TO DISMISS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD