No. 06-898C
(Judge Christine O.C. Miller)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GRIFFIN BROADBAND COMMUNICATIONS, INC.;
TOTAL TV OF FORT IRWIN, LLC.

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY BRIEF

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Respondent

August 23, 2007

## TABLE OF CONTENTS

I. Griffin's Claims Against The Government Sound In Contract; They Do Not Constitute A Compensable Taking . . . . . 1

A. The Standard Of Review . . . . . 2

II. The Government Was Acting In Its Propriety Capacity When It Entered Into The Franchise Agreement with Griffin . . . . . 3

III. Griffin's Rights Are Created Solely By Contract, And, Therefore, Its Remedies Are Limited Exclusively To Contract Remedies . . . . . 6

VI. Griffin Cannot Assert A Physical Taking Of Its Property . . . . . 9

CONCLUSION . . . . . 11

## TABLE OF AUTHORITIES

### CASES

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., No. 05-5132-CV,
2007 WL 1989336 (2d Cir. July 11, 2007) . . . . . 2

B&F Trawlers Inc. v. United States,
27 Fed. Cl. 299 (1992) . . . . . 2

Bailey v. United States,
53 Fed. Cl. 251 (2002), aff'd,
341 F.3d 1342 (Fed. Cir. 2003) . . . . . 8

Bell Atl. Corp. v. Twombly,
127 S. Ct. 1955 (2007) . . . . . 2

Branch v. United States,
69 F.3d 1571 (Fed. cir. 1995) . . . . . 6

Castle v. United States,
48 Fed. Cl. 187 (2000) . . . . . 7, 8

Castle v. United States,
301 F.3d 1328 (Fed. Cir. 2002) . . . . . 6, 7, 8

Cermak v. Babbitt,
234 F.3d 1356 (Fed. Cir. 2000) . . . . . 9

Coast Indian Cmty. v. United States,
213 Ct. Cl. 129,
550 F.2d 639 (1977) . . . . . 9

Data Transformation Corp v. United States,
13 Cl. Ct. 165 (1987) . . . . . 3, 5, 6

Forest Props., Inc. v. United States,
177 F.3d 1360 (Fed. Cir. 1999) . . . . . 10

Hughes Commc'ns Galaxy, Inc. v. United States,
271 F.3d 1060 (Fed. Cir. 2001) . . . . . 7

Integrated Logistics Support Sys. Int'l, Inc. v. United States,
42 Fed. Cl. 30 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

J.J. Henry Co. v. United States,
188 Ct. Cl. 39,
411 F.2d 1246 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sol-G Constr. Co. v. United States,
231 Cl. Ct. 846 (Ct. Cl. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lingle v. Chevron USA, Inc.,
125 S. Ct. 2074 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Montego Bay Imports, Ltd. v. United States,
10 Cl. Ct. 806 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Northwest Airlines, Inc. v. United States Dep't of Transp.,
15 F.3d 1112 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Papasan v. Allain,
478 U.S. 265 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Plaintiffs in Winstar-Related Cases v. United States,
37 Fed. Cl. 174 (1997), aff'd,
133 F.3d 874 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Radioptics, Inc. v. United States,
621 F.2d 1113 (Ct. Cl. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Rochman v. United States,
27 Fed. Cl. 162 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Scan-Tech Security, L.P. v. United States,
46 Fed. Cl. 326 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Smith v. United States,
58 Fed. Cl. 374 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Strickland v. United States,
423 F.3d 1335 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sun Oil Co. v. United States,
572 F.2d 786 (Cl. Ct. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Texas State Bank v. United States,
423 F.3d 1370 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

The Sterns Co. Ltd. v. United States,
396 F.3d 1394 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Tuthill Ranch, Inc. v. United States,
381 F.3d 1132 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tyler House Apartments, Ltd. v. United States,
38 Fed. Cl. 1 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Winstar Corp.,
518 U.S. 839 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Webb's Fabulous Pharmacies, Inc. v. Beckwith,
449 U.S. 155 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Yee v. City of Escondido,
503 U.S. 519 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Zoeller v. United States,
65 Fed. Cl. 449 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRIFFIN BROADBAND COMMUNICATIONS, INC.; TOTAL TV OF FORT IRWIN, LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-898C (Judge Christine O.C. Miller) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF**

Pursuant to Rule 7.2(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant submits its reply to plaintiff's response in opposition to defendant's motion to dismiss. Plaintiff, Griffin Broadband Communications ("Griffin") identifies no law or evidence to establish a claim on which relief can be granted. The case should, therefore, be dismissed.

## I. Griffin's Claims Against The Government Sound In Contract; They Do Not Constitute A Compensable Taking

Griffin seeks recovery pursuant to the Takings Clause of the Fifth Amendment of the United States Constitution. Griffin's alleged property rights are, however, grounded solely in the franchise agreement. Absent its execution of that agreement, Griffin would have no claims of any description against the Government. Accordingly, any rights that Griffin has regarding its business expectations are derived through its contract, and any purported interference with those business and profit expectations, therefore, are remediable only pursuant to its contract. Moreover, the Government has in no way limited Griffin's ability to seek any remedies for breach provided in the contract. Additionally, the Federal Circuit has rejected the notion that a takings claim may be brought as an alternative to a breach of contract claim. Because Griffin

can prove neither a physical nor regulatory taking of its real property, its takings claim should be dismissed as matter of law.

A. **The Standard Of Review**

In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, this Court should determine whether plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, a plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., No. 05-5132-CV, 2007 WL 1989336, at *5 (2d Cir. July 11, 2007) (citing Bell Atl. Corp., 127 S. Ct. at 1965). Further, "[o]nce a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp., 127 S. Ct. at 1969. In making this decision, the Court will accept the factual allegations alleged in the complaint as true. Papasan v. Allain, 478 U.S. 265, 268 (1968); B&F Trawlers Inc. v. United States, 27 Fed. Cl. 299, 302 (1992). However, the Court should not place any weight upon any assertions in the complaint other than allegations of fact, because "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 168 (1992) (citing 2A Jeremy C. Moore, Moore's Federal Practice, ¶ 12.07[2.05] (2d ed. 1992)).

## II. The Government Was Acting In Its Propriety Capacity When It Entered Into The Franchise Agreement with Griffin

Griffin's argument that the Government was acting in its sovereign capacity when it executed the Franchise Agreement with Griffin must fail as a matter of law. When the Government is acting in its contracting, or proprietary, capacity, rather than in its sovereign capacity, no "taking" under the Fifth Amendment can arise because the Government's dealings "are contractually oriented, not taking intended or motivated." Data Transformation Corp v. United States, 13 Cl. Ct. 165, 177 (1987) (citing Radioptics, Inc. v. United States, 621 F.2d 1113, 1126-29 (Ct. Cl. 1980)).

As we noted in our opening brief, Griffin's complaint contains numerous allegations that the Army was acting in a proprietary capacity to obtain, via a franchise agreement, "cable television and related services to the servicemen and women located in or near the Fort Irwin Army Base at Fort Irwin, California." Compl. ¶ 1. Griffin's takings claims should therefore be rejected. Scan-Tech Security, L.P. v. United States, 46 Fed. Cl. 326 (2000). Specifically, Griffin alleges the following:

Count 1: The Army improperly imposed the standards of the "Service Contract Act" that did not apply to it as a cable company; Complaint ("Compl.") ¶ ¶ 6, 7.[1]

Count 2: The Army improperly allowed satellite television providers to operate without any franchise agreement which constituted an unrestricted franchise to Griffin's competitors in

[1]The imposition of Service Contract Act standards did not constitute a taking of Griffin's property. If the imposition of the standards was wrongful, as Griffin alleges, it was not authorized by Congress, and cannot be a taking. Montego Bay Imports, Ltd. v. United States, 10 Cl. Ct. 806, 809-810 (1986). Moreover, if this case continues, the record will show that the contracting officer recognized this mistake, and her final decision proposed paying Griffin restitution for overpayment of wages.

purported violation of "Article III, Section 2 (Non-exclusivity)" clause of the franchise agreement. Compl. ¶ 9.

Count 3: The Army improperly allowed Army personnel to steal cable services, and to vandalize and steal cable equipment. Compl. ¶ 13

Count 4: The Army improperly caused damage to Griffin by "depriving Plaintiff of emergency power that is normally used to prevent severe damage to Plaintiff's physical plant and property." Compl. ¶ 17. Griffin further claims that this has resulted in an erosion of its subscriber base and, consequently, lost revenues. Id.

Count 5: The Army initiated the Residential Communities Initiative project, that allegedly entailed demolishing existing dwelling units where Griffin had previously installed cable equipment. Griffin claims that it will incur additional cost to remove the cable equipment, and will lose its "infrastructure investment" in the demolished units. Griffin also alleges that it will be required to hire additional personnel to meet the Army's schedule to complete the Residential Communities Initiative project. Compl. ¶ 21.

Count 6: The Army has caused damage to Griffin by purportedly failing to provide proper support for the launch of Griffin's internet business, specifically, by allowing "unfair competition" from other providers. Comp. ¶ 24.

Count 7: The Army breached the franchise agreement with Griffin by failing or refusing to "fund the installation of services defendant asked from plaintiff," as required by the terms of the franchise agreement. As a result, Griffin alleges that it has been denied subscriber revenues, and that this constitutes a taking by the Government. Compl. ¶ 28.

Count 8: Army personnel and Army contractors have damaged Griffin's service lines by digging them up, and this constitutes a taking of Griffin's property by the Government. Compl. ¶ 32.

The Franchise Agreement encompassed the total of the parties' respective rights and obligations, and governed the parties' rights to possession of any tangible property involved in performing the contract. Under the standard set out in Scan-Tech, therefore, the Army acted in a proprietary capacity, not its sovereign capacity in contracting with Griffin for cable television services. Id. (citing Sun Oil, 572 F.2d at 818; Transpace Carriers, Inc. v. United States, 27 Fed. Cl. 269, 274 (1992)).

There is no question here that the Government was acting in its contracting, or proprietary, capacity, and that its dealings with Griffin were "contractually oriented, not taking intended or motivated." Data Transformation, 13 Cl. Ct. 165, 177 (1987) (citing Radioptics, Inc. v. United States, 621 F.2d 1113, 1126-29 (Ct. Cl. 1980)). Nothing in Griffin's complaint alleges any action or behavior on the part of the Government that constitutes a sovereign act. The Army has acted no differently than a landlord contracting for cable television services for an apartment building it owned. The private owner, like the Army, would be bound by the terms of the contract in terms of what other service providers would be allowed to compete for the business, what liability it had for the use of cable services by unauthorized users, or for the failure to provide emergency backup power, or for additional hardware in newly constructed apartments, or for failing to support the internet services portion of the contract, or for damage to Griffin's service lines. These claims are all founded in the rights and responsibilities set forth in the contract, not the sovereign powers of the Government., and Griffin does not argue otherwise.

Griffin is in a position similar to that of the plaintiff in Sol-G Constr. Co. v. United States, 231 Cl. Ct. 846 (Ct. Cl. 1982), where the Department of Housing and Urban Development ("HUD") foreclosed on mortgages where it had liens superior to the plaintiff's liens, thereby extinguishing the plaintiff's liens by operation of law. In denying the plaintiff's claim that HUD had "taken" its liens, this Court's predecessor held:

> The legal rights which were attached as a result of the Government's action were the same as if a commercial financial organization had foreclosed the mortgages after they had been assigned to it. Plaintiff's loss is the kind of consequential injury which results from lawful Government action, and does not entitle it to compensation as a Fifth Amendment taking.

Id. at 850. So, here, where the Government has merely exercised its right to terminate the franchise agreement, the takings authority of the Government is not implicated here, and Griffin's complaint should be dismissed. Data Transformation, 13 Cl. Ct. 165, 177 (1987).

## III. Griffin's Rights Are Created Solely By Contract, And, Therefore, Its Remedies Are Limited Exclusively To Contract Remedies

When analyzing a takings claims, "a court must first determine what was taken." Branch v. United States, 69 F. 3d 1571, 1575 (Fed. Cir. 1995). As noted above, all eight counts of Griffin's complaint claim a right to damages; they do not allege any conduct by the Government that constituted a taking of Griffin's property. Griffin's claims do not arise from any independent right separate from the Franchise Agreement. Because the only rights that Griffin has regarding its franchise to provide cable services derive solely from the Franchise Agreement, Griffin's takings claims should be dismissed as a matter of law.

Where a party's rights are created by contract with the Government, a party cannot state a takings claim against the Government founded upon a breach of that contract. Castle v. United

States, 301 F.3d 1328, 1342 (Fed. Cir. 2002); Smith v. United States, 58 Fed. Cl. 374, 389 (2003); Tyler House Apartments, Ltd. v. United States, 38 Fed. Cl. 1, 10 (1997) (citing J.J. Henry Co. v. United States, 188 Ct. Cl. 39, 46, 411 F.2d 1246, 1249 (1969)). This Court has held that, when a party enters into a contract, that party has either the right to receive performance or, if a breach occurs, the right to receive damages pursuant to contract law. Plaintiffs in Winstar-Related Cases v. United States, 37 Fed. Cl. 174, 187 n.9 (1997), aff'd, 133 F.3d 874 (Fed. Cir. 1998); see Northwest Airlines, Inc. v. United States Dep't of Transp., 15 F.3d 1112, 1121 n.5 (D.C. Cir. 1994). That is why "the concept of a taking as a compensable claim theory has limited application to the relative rights of party litigants when those rights have been voluntarily created by contract." Hughes Commc'ns Galaxy, Inc. v. United States, 271 F.3d 1060, 1070 (Fed. Cir. 2001) (quoting Sun Oil Co. v. United States, 572 F.2d 786, 818 (1978)).

In Castle v. United States, 48 Fed. Cl. 187 (2000), aff'd in relevant part, 301 F.3d 1328 (Fed. Cir. 2002), this Court rejected a takings claim based upon rights created by contract. In Castle, the plaintiffs alleged that the Government had effected a taking of "their contractual agreement with the government" because the Government had not performed in strict accordance with the terms of the contract. Id. at 217. This Court recognized that "the formation of a contract does not entitle its signatories to absolute performance, but rather gives rise to the expectation either that the contract will be performed or that the non-breaching party will have available to it a contract-based remedy." Id. at 218 (citing Winstar v. United States, 518 U.S. 839, 919 (1996) (Scalia, J., concurring)). "The duty to keep a contract at common law means a prediction that you must pay damages if you do not keep it, and nothing else." Id. Thus, a

contract provides a party the right to performance or to damages. In its review of this Court's decision in Castle, the Federal Circuit reiterated that, because the Government did not deprive the plaintiffs of their previously existing contract remedies, the Government had not effected a taking of the plaintiffs' contract:

> The plaintiffs received no contractual guarantee that the government would refrain from regulating Western Empire. At most, the contract promised either to regulate Western Empire consistently with the contract's terms, or to pay damages for breach. *Cf. Winstar*, 518 U.S. at 919, 116 S. Ct. at 2432 (Scalia, J., concurring in judgment) ("Virtually *every* contract operates, not as a guarantee of particular future conduct, but as an assumption of liability in the event of nonperformance . . . ."). Thus, by enacting FIRREA, the government did not deprive the plaintiffs from a contractual remedy – injunctive relief – to which they otherwise might have been entitled against a private defendant. Nor did FIRREA remove the plaintiffs' cause of action for damages. We agree with the Court of Federal Claims that the plaintiffs retained the full range of remedies associated with any contractual property right they possessed. Consequently, we hold that even assuming the enactment and enforcement of FIRREA breached a contract the government had with Castle and Harlan, it did not constitute a taking of the contract.

Castle v. United States, 301 F.3d 1328, 1342 (Fed. Cir. 2002); see Bailey v. United States, 53 Fed. Cl. 251, 256-57 (2002) (no taking of contract rights exist unless Government "takes" range of remedies associated with vindication of contract), aff'd, 341 F.3d 1342 (Fed. Cir. 2003); Zoeller v. United States, 65 Fed. Cl. 449, 461 (2005) (same); Integrated Logistics Support Sys. Int'l, Inc. v. United States, 42 Fed. Cl. 30, 34 (1998) (plaintiff "cannot exploit the Fifth Amendment to amend unilaterally a contract in an effort to rectify what hindsight reveals as an unappealing bargain").

Moreover, it is appropriate for this Court to dismiss Griffin's takings claim as a matter of law. The nature of a plaintiff's property interest is a question of law rather than fact. See Texas

State Bank v. United States, 423 F.3d 1370, 1379 (Fed. Cir. 2005) (citing Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 161 (1980)); Cermak v. Babbitt, 234 F.3d 1356, 1361 (Fed. Cir. 2000); Coast Indian Cmty. v. United States, 213 Ct. Cl.129, 550 F.2d 639, 649 (1977)). The Federal Circuit's decisions are binding precedent in this Court. See Strickland v. United States, 423 F.3d 1335, 1338 n.3 (Fed. Cir. 2005). Because the determination of the nature of Griffin's property interest is a matter of law, this Court can and should dismiss Griffin's complaint.

## VI. Griffin Cannot Assert A Physical Taking Of Its Property

Even if Griffin could assert a takings claim predicated upon a breach of the Franchise Agreement, Griffin has failed to establish a physical invasion of its property. In its complaint, Griffin alleges that the Army has allowed theft of Griffin's property and services, has inadvertently damaged Griffin's property in the course of construction activity, and has prevented Griffin from expanding its customer base by failing to build infrastructure as purportedly required by the Franchise Agreement. To the extent that Griffin is asserting a physical (as opposed to regulatory) taking of its property, its claim fails.

The Federal Circuit has expressly rejected the argument that anything less than a physical invasion of property by the Government could constitute a physical taking. In The Sterns Co. Ltd. v. United States, 396 F.3d 1394 (Fed. Cir. 2005), the Federal Circuit was confronted with an allegation that a physical taking had occurred based upon the enactment of a regulation that affected the appellee's ability to engage in surface mining. Id. at 1346. The appellee argued that the denial of its "valid existing rights" application ("VER"), which would have allowed it to engage in mining, effected a physical taking because it unilaterally transferred the appellee's

surface easement to the United States. Id. at 1357. In overturning the trial court's determination that the denial of the appellee's VER constituted a physical taking of the surface easement, the Federal Circuit reiterated long-standing precedent, noting that a physical taking occurs only "when the government itself occupies the property or 'requires the landowner to submit to physical occupation of its land.'" Id. (quoting Forest Props., Inc. v. United States, 177 F.3d 1360, 1364 (Fed. Cir. 1999), and Yee v. City of Escondido, 503 U.S. 519, 527 (1992)); see Lingle v. Chevron USA, Inc,, 125 S. Ct. 2074, 2081 (2005) (noting that the "paradigmatic taking requiring just compensation is a direct appropriation or physical invasion of private property"); Tuthill Ranch, Inc. v. United States, 381 F.3d 1132, 1135 (Fed. Cir. 2004) (explaining that physical takings require physical possession). The Court then held that the Government had neither (1) occupied appellee's mineral property or the accompanying implied appurtenant easement, nor (2) required appellee to accept the physical presence of a third party on any of the property. Stearns, 396 F.3d at 1357.

Here, Griffin alleges only intangible franchise rights as the property purportedly "taken" by the Army. Griffin cannot allege, therefore, either a physical occupation by the Government of Griffin's facilities, or that the Government required Griffin to accept the presence of a third party upon its property. Further, Griffin has not alleged that the Government federalized its franchise rights. Even assuming the truth of all of Griffin's limited assertions, Griffin cannot allege a physical taking of Griffin's intangible property.

## CONCLUSION

For the foregoing reason, the Government respectfully requests that the Court grant the Government's motion to dismiss Griffin's complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

/s Joan M. Stentiford

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 616-0341
Fax (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

LANNY ACOSTA
U.S. Army Litigation Division
U.S. Army Legal Services Agency
901 N. Stuart Street
Arlington, Virginia 22203

August 23, 2007

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 23rd day of August, 2007, the foregoing "DEFENDANT'S MOTION TO DISMISS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD